In the Matter of the Application of HYMAN L. BRAINSON.

Supreme Court, Special Term, New York County, March 23, 1950.

*Solomon Biederman* and *Anton R. Siegal* for motion.

*Gleason Speenburgh* and *John M. Keating* opposed.

EDER, J.   A Justice of this court, in Delaware County, made an order under the provisions of section 295 of the Civil Practice Act, directing the movant, Hyman L. Brainson, to appear at Special Term, Part II of this court, in New York County, and submit to examination and give testimony under oath upon the twelve matters therein enumerated and to produce upon such examination divers books and papers.   The date for examination was set by said order for January 27, 1950.

After service of the order on movant herein he moved by order to show cause dated January 25, 1950, to vacate the said order for his examination; the motion was not decided until March 7, 1950.   Apparently no examination of movant took

place by virtue of the motion to vacate said order. The motion to vacate the said order was denied. Seemingly, in order to procure the movant's examination, following denial of the motion to vacate the said order, the original date for examination having passed, a subpœna and a subpœna duces tecum were served on the applicant Hyman L. Brainson, requiring him to appear at Special Term, Part II, on March 20, 1950, to testify in pursuance of said order for his examination, and he now moves to vacate the subpœna and subpœna duces tecum, and, also, a notice served upon him to appear on March 20, 1950, to be examined in pursuance of the order made for his examination.

The motion is predicated on divers grounds, among them that the said subpœna and subpœna duces tecum and the notice were issued without warrant in law, in that such process and notice may issue only in a pending action or special proceeding; that there is no pending action or special proceeding and that the order and examination sought thereunder relate to the taking of testimony by deposition before action is commenced.

I shall consider this feature only, for if the point is well taken it requires the granting of the motion and the vacatur of the subpœnas and notice.

After an examination of the cases cited by respective counsel I am of opinion that the motion should be granted.

There is, admittedly no action pending; section 295 relates to an action " about to be brought ". Nor am I able to reach a conclusion that a proceeding under section 295 is a special proceeding, for it seems clear to me that section 295 cannot be extended to create a special proceeding for the purpose of the examination is the preservation of testimony necessary for the protection of the rights of the party seeking the deposition, and, as I view it, with the taking of the testimony and its filing the proceeding under section 295 terminates.

The subpœnas and notice have, therefore, no effect, not having been issued in a special proceeding within the meaning of the statute.

The appropriate procedure would appear to be a motion to the court to fix a date for the examination to carry out and into effect the order heretofore made by the Justice in Delaware County directing movant's examination at Special Term, Part II, and for the production of books and papers, which order is dated January 21, 1950.

For the reasons stated the motion is granted and the subpœnas and notice are, accordingly, vacated. Settle order.